UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. VICTOR CHEHEBAR and DONNA CHEHEBAR,<br><br>      Plaintiffs,<br><br>vs.<br><br>OAK FINANCIAL GROUP, INC. and NEIL D. HACKMAN,<br><br>      Defendants. | Civil Action No._____<br><br>NOTICE OF REMOVAL |

**TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK:**

  **PLEASE TAKE NOTICE** that Oak Financial Group, Inc. ("Oak Financial") and Neil D. Hackman ("Neil Hackman") (together, "Defendants"), by their attorneys, Gibbons P.C., hereby file this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, County of Nassau, Index No. 601449/14, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support, states:

  1. On April 1, 2014, Dr. Victor Chehebar and Donna Chehebar ("Plaintiffs") filed a Summons and Complaint against Defendants in the Supreme Court of the State of New York, County of Nassau, Index No. 601449/2014 (the "State Court Action").  A true and correct copy of the Summons and Complaint is attached hereto as <u>Exhibit 1</u>.

  2. On April 16, 2014, Plaintiffs personally served the Summons and Complaint on Defendants.  Filed copies of Plaintiffs' Affidavits of Service are attached hereto as <u>Exhibit 2</u> and <u>Exhibit 3</u>.  Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) as this Notice was filed within thirty (30) days after service of the Summons and Complaint on Defendants.

3.  On May 6, 2014, Defendants served and filed an Answer and Affirmative Defenses. Filed copies of Defendants' Answer and Affirmative Defenses is attached hereto as Exhibit 4. Defendants also filed a Notice of Appearance of Daniel S. Weinberger, Esq. on May 6, 2014. A filed copy of the Notice of Appearance of Daniel S. Weinberger is attached hereto as Exhibit 5. A copy of the docket sheet from the State Court Action is attached hereto as Exhibit 6.

4.  Plaintiffs are natural persons and, upon information and belief and according to the Complaint in the State Court Action, they reside in, and are domiciled in, Roslyn Harbor, New York. Defendant Oak Financial is a foreign corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Stamford, Connecticut. For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Defendant Oak Financial is a citizen of the State of Connecticut. Defendant Neil Hackman is a natural person who resides and is domiciled in Stamford, Connecticut. For purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Defendant Neil Hackman is a citizen of the State of Connecticut.

5.  As of this date, upon information and belief, no other defendant(s) have been identified or served with process, no defendant(s) have filed a responsive pleading, and no other proceedings have transpired in the State Court Action.

6.  Defendant Oak Financial is an investment advisory firm registered under the Investment Advisors Act of 1940 and Defendant Neil Hackman is an investment advisor employed by Oak Financial. Defendants provided supervisory and management services for investment accounts maintained by Plaintiffs with Oak Financial. As set forth in the Complaint, Plaintiffs assert claims of breach of contract, breach of fiduciary duty and negligence, based upon the allegation that Defendants failed to properly manage Plaintiffs' investment accounts.

7. According to the Complaint, Plaintiffs seek damages for alleged lost profits and disgorgement of investment management fees which, together, exceed $1 million dollars. Plaintiffs also seek punitive damages and attorneys' fees in an unspecified amount.

8. Based upon the allegations of the Complaint, wherein Plaintiffs seek damages in excess of $1 million dollars (*see* Compl. ¶ 1), and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount required under 28 U.S.C. §1332.

9. Removal of Plaintiffs' State Court Action is appropriate pursuant to 28 U.S.C. § 1332 because there exists complete diversity between Plaintiffs and Defendants, and because the amount in controversy exceeds the $75,000.00 jurisdictional amount.

10. This Notice of Removal is being filed in the Eastern District of New York, the district court of the United States for the district within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Nassau, in the form attached hereto as Exhibit 7.

12. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Dated: New York, New York
May 12, 2014

        **GIBBONS P.C.**
        One Pennsylvania Plaza, 37th Floor
        New York, New York  10119-3701
        Telephone (212) 613-2000
        Facsimile (212) 554-9673

wmoran@gibbonslaw.com
dweinberger@gibbonslaw.com
*Attorneys for Defendants*


By: /s/ William M. Moran
    William M. Moran
    Daniel S. Weinberger

#2080700 v3
112748-87086