UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. VICTOR CHEHEBAR and DONNA
CHEHEBAR,

       Plaintiffs,

  -against-

OAK FINANCIAL GROUP, INC. and NEIL D.
HACKMAN,

       Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-2982

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 22 2015 ★

LONG ISLAND OFFICE

APPEARANCES:

SCHRADER & SCHOENBERG, LLP
By:   David A. Schrader, Esq.
       Benjamin Suess, Esq.
711 Third Avenue, Suite 1803
New York, NY 10017
Attorneys for Plaintiffs

GIBBONS P.C.
By:   William M. Moran, Esq.
       Daniel S. Weinberger, Esq.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Attorneys for Defendants

WEXLER, District Judge:

       Plaintiffs Dr. Victor Chehebar ("Victor") and Donna ("Donna") Chehebar (collectively, "Plaintiffs") bring this action seeking damages for breach of contract, breach of fiduciary duty and negligence in connection with investment management services provided by Defendants Oak Financial Group ("Oak Financial") and Neil D. Hackman ("Hackman") (collectively, "Defendants"). Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."). For the reasons stated below, Defendants' motion is granted in part and denied in part.

-1-

## BACKGROUND

The facts that follow are taken from Plaintiffs' complaint or other documents as noted and reviewable under a Rule 12(c) motion. Plaintiffs Donna and Victor Chehebar are married owners of several investment accounts. See Complaint ("Cmplt."), ¶ 2. Defendant Oak Financial is an investment advisory firm with a principal place of business in Stamford, Connecticut, registered under the Investment Advisors Act of 1940, and Defendant Neil Hackman is an investment advisor and the owner and principal of Oak Financial. Cmplt. ¶¶ 3-4. In February 2009, Plaintiffs met with and conferred with Defendants about investing their money, and on February 10, 2009, Plaintiffs signed an Advisory Agreement ("Agreement") giving Defendants discretionary control of Plaintiffs' accounts. Cmplt. ¶¶ 5,7; Declaration of William M. Moran ("Moran Dec."), Exhibit ("Ex.") A: Agreement, at 1. Pursuant to the Agreement, Plaintiffs completed a "Personal Financial Profile" ("PFP") outlining Plaintiffs' financial position, goals and risk tolerance. See Moran Dec., Ex. A, at 1 and Ex. B: PFP. The PFP states that the Plaintiffs were willing to tolerate "moderate risk," meaning a fluctuation of approximately 10%. Moran Dec., Ex. B, at 6.

According to the Complaint, Plaintiffs instructed Defendants that they were "highly risk tolerant and wanted to engage in aggressive trading strategy." Compl. ¶ 11. It further states that "Donna Chehebar made clear that she wanted objectives of growth and income in her account." Compl. ¶ 12. Emails were exchanged on March 23, 2009 confirming that Plaintiff Victor wanted Defendants to "be as aggressive as we need to be to generate $600,000 in income per year." Moran Dec., Ex. D. Victor stated that Donna would provide her own instructions, but "as for me, invest my money aggressively to generate as much as posable [sic].... I don't think qualifying it with a target of 600k of income per year is necessary. Just try the best you can, obviously protecting the downside as much as possible." Moran Dec., Ex. D, at 3; Compl. ¶ 13-

14.[1]

Pursuant to the Agreement, all instructions to the Defendants, including changes to the investment objectives, were to be in writing. Moran Dec., Ex. A, at 2. The Agreement also stated that any disputes would be submitted to arbitration in the state of Connecticut in accordance with the securities arbitration rules in effect with the National Association of Securities Dealers ("NASD"). See Cmplt. ¶ 26; Moran Dec., Ex. A, at 3.

Plaintiffs allege that during the nine-month period from February to November 2009 that Defendants managed their accounts, the stock market increased in value and the Dow Jones Industrial Average ("DJIA") and other stock indices reflected returns of approximately 35%. Cmplt. ¶ 17. Despite this, Plaintiffs allege that since Defendants kept high levels of cash in Plaintiffs' accounts, their returns were much lower. Specifically, with respect to Victor Chehebar's account, roughly 38% was held in cash, and over the nine months, increased only 5.71%. Cmplt. ¶¶ 18-21. Plaintiffs allege that if it had been properly invested, it would have earned over 35%, or $746,568. Cmplt. ¶ 21. Similarly, Donna Chehebar's account held approximately 23% in cash, and increased only 14.82%, earning only $155,405.48, when, had it been invested with a return of 35%, would have earned $234.700.66. Thus, Plaintiffs claim they suffered $981,268.66 in losses. Cmplt. ¶¶ 22-23.

In April 2014, Plaintiffs sued Defendants in New York Supreme Court in Nassau County, bringing three claims; breach of contract, breach of fiduciary duty and negligence. After

---

[1] "When the documents reflects a factual issue (such as an email correspondence) and the complaint specifically refers to the contents of the e-mail communication, the Court can 'deem the e-mail incorporated in the complaint and therefore subject to consideration in its review of the adequacy of the [allegations in the] complaint.'" Jones v. Halstead Management Co., LLC, 81 F.Supp.3d 324, 331-332 (S.D.N.Y. 2015) (quoting DiFolco v. MSNBC Cable L.LC., 622 F.3d 104, 112 (2d Cir. 2010)).

answering, Defendants removed the action to this Court.[2]

Defendants move for a judgment on the pleadings, arguing that Plaintiffs' breach of contract claim is contradicted by the pleadings; that Plaintiffs' claims for lost profits is too speculative; that Plaintiffs' breach of fiduciary duty and negligence claims are barred by statute of limitations, and, alternatively, are duplicative of the breach of contract claim and must be dismissed.

## DISCUSSION

I.  Standards on Motion to Dismiss

The standard to be applied when evaluating a motion for judgment on the pleadings brought under Fed.R.Civ.P. 12(c) is the same as that applied to a motion to dismiss under Rule 12(b)(6). Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). The court must accept all allegations as true, and draw all reasonable inferences in favor of the non-movant. To survive the motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted)). As when considering a motion under 12(b)(6), the review is limited to the pleadings, and the other documents the Court may consider include only those that are attached to or are referenced in the complaint, are integral to the complaint, or are documents upon which the plaintiffs relied on in drafting the complaint, or matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153-154 (2d Cir. 2002).

---

[2]The complaint alleges that pursuant to the Agreement, any claims between the parties are subject to arbitration, and that Plaintiff submitted this dispute to FINRA, which was rejected since Defendants are not "broker-dealers" and are not subject to FINRA. The action in state court was filed subsequently. Cmplt. ¶¶ 26-27. Plaintiffs have requested leave to move to compel arbitration, which this Court has previously directed could be made following this motion, if necessary.

II. Disposition of the Motion

A.   Breach of Contract Claim

Defendants argue that Plaintiffs' breach of contract claim fails because the Agreement and the PFP reflect that Plaintiffs were only willing to tolerate "moderate risk," and that the investment management services Defendants provided did not breach that agreement. Plaintiffs allege that pursuant to their Agreement and subsequent emails, they instructed Defendants that they were "highly risk tolerant and wanted to engage in aggressive trading strategy," Compl. ¶ 11, and that Defendants breached those instructions.

To state a claim for breach of contract, a plaintiff must allege that: 1) there is a contract; 2) plaintiff performed under the contract; 3) defendant breached the contract; and 4) plaintiff suffered damages as a result. Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). There is no dispute here that a contract existed. Rather, the issue is what were the investment instructions reflected in the Agreement and subsequent writings, and whether Defendants breached those instructions. Accepting Plaintiffs' allegations as true as the Court must, the Court finds that Plaintiffs' complaint sufficiently states a plausible claim for breach of contract and denies Defendants' motion for judgment on the pleadings on this claim.

B.   Claim for Lost Profits

Similarly, Defendants argue that Plaintiffs' allegations of lost profits are too speculative. Plaintiffs' allegations of lost profits are based on the assumption that had investments been made, they would have earned roughly 35%, as reflected by the DJAI, the NASDAQ and the S&P 500 over that nine-month period. Cmplt. ¶ 17. Defendants argue that there is no reasonable certainty that such return would have been realized on a more aggressive trading strategy, and such a claim is far too speculative and uncertain to support damages.

The Court finds that while Plaintiffs' theory of damages is speculative, a claim is

sufficiently stated and survives the standards on a Rule 12 motion. Defendants' motion for judgment on the pleadings is therefore denied, without prejudice to be renewed either by a motion for summary judgment or at the time of trial.

C. Negligence and Fiduciary Duty Claims Are Duplicative

Defendants also argue that Plaintiffs' claims for breach of fiduciary duty and negligence should be dismissed as duplicative of the breach of contract claim. The Court agrees.

It is well-settled that to be liable for a tort, the legal duty must "spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract." Clark-Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987).

"Where, as here, the parties' relationship originated in contract, a plaintiff suing for breach of fiduciary duty must prove that the parties 'created a relationship of higher trust than would arise from [their contract] alone.'" Snyder v. Wells Fargo Bank, N.A., 594 F. App'x 710, 712 (2d Cir. 2014) (quoting EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 20, 799 N.Y.S.2d 170, 175, 832 N.E.2d 26 (2005)). In Snyder, plaintiff had claimed that defendant breached its fiduciary duty by failing to minimize plaintiff's losses in an economic downturn. After a jury verdict on both the breach of fiduciary duty and breach of contract claims, the district court dismissed the breach of fiduciary duty claim as duplicative. The Second Circuit affirmed, finding that the breach of fiduciary duty claim "rested on the same failed duty as his breach of contract claim: namely, Wachovia's failure to implement an agreed-on hedging strategy for Snyder's investments" and was properly vacated. Id., 594 Fed.Appx. at 13. See also Brooks v. Key Trust Co. Nat'l Ass'n, 809 N.Y.S.2d 270, 272, 26 A.D.3d 628 (3d Dept. 2006) (a financial advisor with discretionary control over an investment account did owe plaintiff a fiduciary duty, but since the claim was "based on the same facts and theories" as the breach of contract claim it

was properly dismissed as duplicative) (citations omitted); <u>MashreqBank v. psc v. ING Group N.V.</u>, No. 13-CV-2318, 2013 WL 5780824, *5 (S.D.N.Y. October 25, 2013) (claim for breach of fiduciary duty claim against financial advisor with discretionary authority is duplicative of breach of contract claim where its "based on the same facts and theories"); <u>New York State Compensation Bd. v. Program Risk Management, Inc.</u>, 49 Misc.3d 1204(A), 2015 WL 5774443 (N.Y. Sup.Ct. 2015) (breach of fiduciary duty claim against trustee is dismissed as duplicative of contract claim); <u>William Kaufman Organization, Ltd. V. Graham & James LLP</u>, 703 N.Y.S.2d 439, 442, 269 A.D.2d 171 (1st Dept. 2000) (claims are duplicative where the same conduct supports both claims and there is no duty independent from the contract itself).

Here, according to the allegations of the complaint, the Agreement between the parties outlined the terms of the relationship, including the specific services offered, Plaintiffs' investment objectives and responsibilities, Defendants' compensation, dispute resolution, and termination, among several others. Moran Dec., Ex. A, at 1-4. The Agreement was signed in February 2009, on or about the same time the Plaintiffs gave Defendants control of their accounts, <u>see</u> Moran Dec., Ex. A, at 5; Compl. ¶ 5, and there is no allegation of a relationship before or outside of the contract, or duties that are independent of those outlined in the contract. Furthermore, Plaintiffs' complaint repeats verbatim many of the same allegations in each of the three causes of action. <u>See</u> Cmplt. ¶¶ 34, 39, 44.

Thus, any duties Defendants may have owed Plaintiffs arose out of the contract between the parties and did not exist independently of it. For that reason, even if they were timely, the claims for breach of fiduciary duty and negligence are duplicative of the breach of contract claim and are hereby dismissed.

D.  Statute of Limitations of Breach of Fiduciary Duty and Negligence Claims

Defendants argue that even if Plaintiffs' claims were not duplicative, they are time-barred since under either New York or Connecticut law, those claims are governed by a three year statute of limitations.

As stated by the New York Court of Appeals, the statute of limitations applicable to a breach of fiduciary duty claim is governed by the substantive remedy sought by plaintiff -- a three year statute of limitations when the relief sought is monetary, and six years when the relief sought is equitable in nature. IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 139, 879 N.Y.S. 2d 355, 359, 907 N.W.2d 268 (2009) (citing C.P.L.R § 214(4) and § 213(1), respectively). See also Access Point Medical, LLLC v. Mandell, 963 N.Y.S.2d 44, 46, 106 A.D.3d 40 (1st Dept. 2013). Connecticut law also applies a three-year statute. See also Conn.Gen.Stat. § 52-577; Chien v. Skystar Bio Pharamceutical Co., 623 F.Supp.2d 255, 264 (D.Conn. 2009) (breach of fiduciary duty is a tort claim governed by a three year statute of limitations). Defendants argue that since Plaintiffs' claims accrued even as late as January 2010, more than four years passed before this action was filed in April 2014, and therefore the breach of fiduciary duty claim is time-barred.

Plaintiffs argue that the breach of fiduciary claim should benefit from the longer six year statute of limitations that applies to breach of contract claims since the alleged failure is for not complying with contractual obligations. Almost simultaneously, Plaintiffs argue that the duties that were breached are independent of the contract to avoid them being deemed duplicative, as discussed above. See Pl. Mem., at 19. Plaintiffs are effectively seeking to rescusitate the untimeliness of the fiduciary duty claim by aligning it with the contractual duties, yet, simultaneously argue the claim arises from a duty apart from the contract to prevent it being dismissed as duplicative.

The Court is not persuaded. Here, Plaintiffs seek monetary damages for the alleged breach of fiduciary duty, and therefore the three-year statute of CPLR 214(4) applies. See IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d at 139. Thus, the Court grants Defendants' motion to dismiss Plaintiffs' breach of fiduciary duty and negligence claims as time-barred. As noted above, Plaintiffs have sufficiently stated a claim for breach of contract, which is subject to the six-year statute of limitations and is thus timely. To the extent there are duties owed apart from the contractual duties, the time to raise those claims has passed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to Plaintiffs' breach of fiduciary duty and negligence claims, and denied as to Plaintiff's breach of contract claim. Counsel are directed to submit a jointly proposed briefing schedule for Plaintiffs' motion to compel arbitration within two weeks.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December __, 2015