FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 07 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DR. VICTOR CHEHEBAR and DONNA
CHEHEBAR,

                              Plaintiffs,

    -against-

OAK FINANCIAL GROUP, INC. and
NEIL D. HACKMAN,

                              Defendants.
-------------------------------------------------------X

MEMORANDUM & ORDER

CV 14-2982
(Wexler, J.)

APPEARANCES:

    MORITT HOCK & HAMROFF LLP
    BY: David A. Schrader, Esq.
    1407 Broadway, 39th Floor
    New York, New York 10018
    Attorney for Plaintiffs

    GIBBONS P.C.
    BY: William M. Moran Esq.
    One Pennsylvania Plaza, 37th Floor
    New York, New York 10119
    Attorneys for Defendants

WEXLER, District Judge:

    Presently before the Court is Plaintiffs' motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and an agreement between the parties. *See* Motion, Docket Entry ("DE") [23]. Plaintiffs further seek a stay of this matter pending the completion of arbitration. Defendants have opposed the motion. For the reasons set forth herein, the motion to compel arbitration is granted, and the case is stayed.

## I. BACKGROUND

The following facts, taken from the complaint, are considered true for purposes of this motion. Additional facts are drawn from the agreement that governed the relationship between the parties.

### A. Factual History

Defendant Oak Financial is an investment advisory firm, and defendant Hackman is an investment advisor at Oak Financial as well as an owner and principal of the firm. Complaint ("Compl.") ¶4, DE [1-2]. Plaintiffs Victor and Donna Chehebar are married to one another and are the owners of several investment accounts that were handled by defendants. *Id.* ¶2. In brief, plaintiffs allege that defendants were tasked, via specific instructions, with implementing an aggressive trading strategy, that defendants ignored those instructions, and that as a result, plaintiffs lost profits of no less than $981,268.66 over the nine month period from February to November 2009.

The parties executed a written agreement in February and March 2009 that governed their relationship. *See* Oak Financial Group, Inc. Advisory Agreement (the "Agreement"), Declaration of David A. Schrader, Ex. B, DE [24-2]. The Agreement contains an Arbitration clause that provides in its entirety as follows:

> Any controversy or claim, including but not limited to, errors and omissions arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration in Connecticut in accordance with the securities arbitration rules then in effect with the National Association of Securities Dealers, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Client understands that this agreement to arbitrate does not constitute a waiver of the right to seek a judicial forum where such waiver would be void under the federal securities laws. Arbitration is final and binding on the parties.

Plaintiffs claim in their motion papers that they filed an arbitration with the Financial Industry Regulatory Authority ("FINRA") on March 13, 2013.[1] Plaintiffs further assert that FINRA allegedly rejected the claim because defendants are not broker-dealers, but would have accepted the claim if defendants had consented to FINRA's jurisdiction. Plaintiffs contend that they asked defendants to consent, but that defendants refused to sign the form. Defendants vigorously dispute this contention, claiming that prior to the filing of the complaint in April 2014, they were unaware of any attempt by plaintiffs to commence an arbitration proceeding with FINRA. Moreover, defendants claim that they were never approached with a request to consent to a proceeding before FINRA.

**B. Procedural History**

On April 1, 2014, Plaintiffs filed a complaint in New York State Supreme Court, Nassau County, containing causes of action for breach of contract, breach of fiduciary duty, and negligence. Defendants filed their answer on May 5, 2014, and subsequently removed the case to this Court by Notice dated May 12, 2014.

After removal, the first action taken by either party was the plaintiffs' filing of a letter on June 18, 2014. In that letter, plaintiffs requested a pre-motion conference for leave to file a motion to stay this action and to compel arbitration. On June 25, 2014, Defendants sought leave to file a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Ultimately, defendants were given permission to make their motion, and plaintiffs' motion was held in abeyance pending determination of defendants' motion.

By Memorandum and Order dated December 22, 2015, defendants' motion for judgment on the pleadings was granted as to plaintiffs' breach of fiduciary duty and negligence claims, and

---

[1] The parties do not dispute that FINRA is the successor entity to the National Association of Securities Dealers. *See Fiero v. Fin'l Indus. Regulatory Auth., Inc.*, 660 F.3d 569 571 (2d Cir. 2011).

denied as to the breach of contract claim. *See* DE [19]. Plaintiffs' motion to compel arbitration was then briefed and submitted. No discovery took place during the pendency of the motions.

## II. DISCUSSION

### A. Legal Standards

Under the Federal Arbitration Act ("FAA"), "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA mirrors the "strong federal policy favoring arbitration as an alternative means of dispute resolution," *Ragone v. Atl. Video of Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (internal quotation and citation omitted), and serves to "ensure judicial enforcement of privately made agreements to arbitrate," *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219, 105 S. Ct. 1238 (1985). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 218, 105 S. Ct. at 1241 (emphasis in original).

Courts deciding motions to compel arbitration apply a "standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). The court considers all relevant admissible evidence and draws all reasonable inferences in favor of the non-moving party. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citations omitted).

### B. Waiver of the Right to Arbitration

Typically, the court is called upon to decide whether the parties agreed to arbitrate and whether the claims at issue fall within the scope of the parties' agreement. *See Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015). Here, however, there is no dispute

regarding the parties' agreement to arbitrate or the scope of that agreement. The breach of contract claim is clearly arbitrable within the meaning of the Agreement between the parties, and defendants do not argue to the contrary. The only question is whether, as defendants contend, plaintiffs have waived their right to arbitration.

Three factors are considered in determining whether a party has waived its right to arbitration by expressing its intent to litigate the dispute in question: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 229 (2d Cir. 2001) (citation omitted). There is no "rigid formula or bright-line rule for identifying when a party has waived its right to arbitration," however, the "key to a waiver analysis is prejudice." *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) (citation and internal quotation omitted). The Second Circuit has acknowledged two types of prejudice: "substantive prejudice and prejudice due to excessive cost and time delay." *Id.* In light of the strong presumption favoring arbitration, "a waiver is not to be lightly inferred . . . and any doubts are resolved in favor of arbitration." *LG Elec., Inc. v. Wi-Lan USA, Inc.*, 623 F. App'x 568, 569 (2d Cir. 2015) (summary order) (internal quotations and citations omitted).

The time elapsed from the commencement of litigation to plaintiffs' request for arbitration, approximately two and one-half months, does not by itself support a finding of waiver. Courts have found that there was no waiver in cases involving delays of much greater duration. *See Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver despite three year delay in asserting arbitration right); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 88 (2d Cir. 1985) (no waiver by defendant despite extensive discovery over the course

of eight months, the filing of a motion to dismiss, and failure to raise the right to arbitrate in the answer); *see also Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001) (party did not waive right to arbitrate "by failing for four months to press its arbitration claim and, during that time, answering [plaintiff's] complaint, claiming a violation of the TRO, entering into a protective order and stipulation for discovery, and obtaining substantial discovery"). Similarly, the amount of litigation to date does not suggest that a finding of waiver is appropriate. No discovery has been conducted, and plaintiffs have moved only to compel arbitration and stay this action. The other motion practice was instituted by defendants.

Regarding prejudice, defendants claim to have suffered both substantive prejudice and prejudice in terms of excess costs and delay. Their claim of substantive prejudice arises from this Court's observation that plaintiffs' theory of damages on lost profits is "speculative." Defendants' motion to dismiss on this basis was denied, however, and defendants have provided no reason why the lost profits claim cannot be analyzed and determined in arbitration.

Defendants further argue that they have been prejudiced, having "expended substantial time and expense in answering Plaintiffs' Complaint, in removing the action to federal court, in preparing a pre-motion letter to this Court and in fully briefing a motion for judgment on the pleadings." Defendants' Memorandum in Opposition at 7, DE [22]. Prejudice as defined by case law in this Circuit "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162–63 (2d Cir. 2000) (quoting *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir.1997)). As discussed above, the delay here between the commencement of the litigation and assertion of the right to arbitrate was minor. In addition, "[a]bsent evidence of excessive cost,

the presumption in favor or arbitration cannot be overcome merely on the basis of the length of the delay." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002). Defendants have not identified any specific costs incurred, let alone excessive costs, and the costs of the motion practice alone are insufficient to support defendants' claim of undue expense. *See, e.g., PPG Indus.*, 128 F.3d at 107 ("Incurring legal expenses inherent in litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver."). The Court finds no prejudice warranting a finding that plaintiffs have waived their right to arbitrate.

Finally, defendants argue that waiver is appropriate because by commencing this action, plaintiffs have "acted inconsistently with [their] contractual right to arbitration." *Louisiana Stadium*, 626 F.3d at 159. (2d Cir. 2010). The mere filing of an action alone does not constitute a waiver of the right to arbitrate. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos*, 553 F.2d 842, 845 (2d Cir. 1977). Based on the totality of the circumstances, the Court finds that plaintiffs' conduct does not overcome the strong presumption in favor of arbitration. Accordingly, the motion to compel arbitration is granted.[2]

### C. Stay Pending Arbitration

Plaintiffs have requested that this case be stayed pending arbitration. That request is also granted. *See Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015) (holding that a stay is mandated "when all of the claims in an action have been referred to arbitration and a stay is requested").

---

[2] The Court has considered defendants' remaining arguments regarding "equitable considerations" and find that they do not warrant a different result.

## III. CONCLUSION

Plaintiffs' motion [23] to compel arbitration and for a stay pending arbitration is granted. The case is administratively closed. The parties are directed to advise this Court within 30 days after the arbitration decision is rendered.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      March 7, 2017